FILED
 2005 May-27  PM 04:01
 U.S. DISTRICT COURT
 N.D. OF ALABAMA

### IN THE UNITED STATES DISTRICT COURT FOR THE
### NORTHERN DISTRICT OF ALABAMA
### SOUTHERN DIVISION

| | |
|---|---|
| **BONNIE WELLS COGGIN,** | ) |
| PLAINTIFF, | ) |
| VS. | )    2:05-cv-00673-JHH |
| **THE BOARD OF TRUSTEES OF THE UNIVERSITY OF ALABAMA; CONNIE PRUETT; JAMES E. JOHNSON; DANA ELLIS; and WANDA G. SANDLIN,** | ) ) ) ) |
| DEFENDANTS. | ) |

### MEMORANDUM OF DECISION

On March 28, 2005 plaintiff presented to the court an application for authority to commence an action without prepayment of fees.  Attached to her application was a copy of a charge of discrimination filed with EEOC July 13, 2004.  A court order filed March 30, 2005 (Doc. #1), treated the application as a complaint but directed plaintiff to file with the court an amended complaint within 30 days.[1]  On April 18, 2005 an amended complaint was filed (Doc. #2).[2]  The

---

[1] The court order also reduced the filing fee to $100, which filing fee was paid.

[2] On May 25, 2005 plaintiff supplemented the amended complaint by filing with the court two expandable folders containing approximately four inches of documents which she characterized as her "EEOC file" (Doc. 27 & 28).

amended complaint only lists as a party and defendant The University of Alabama at Birmingham.³

On May 12, 2005 The Board of Trustees of The University of Alabama, Connie Pruett, James E. Johnson, Dana Ellis and Wanda G. Sandlin filed a motion to dismiss the amended complaint for failure to state a claim upon which relief could be granted (Doc. #24).  The May 17, 2005 order provided plaintiff until June 20, 2005 to respond to the order.  Plaintiff did not wait until June 20, 2005 but promptly filed her response on May 25, 2005 (Doc. #28).  This response was a "Motion to Deny Dismissal" with numerous documents attached. No useful purpose can be served by postponing until June 20, 2005 a ruling on the motion of The Board of Trustees of the University of Alabama, Connie Pruett, James E. Johnson, Dana Ellis and Wanda G. Sandlin to dismiss (Doc. #12).

The amended complaint seeks to assert claims only under Title VII, which is not a vehicle for redressing complaints regarding hazardous waste in the work place.  To the extent the amended complaint is viewed as asserting a claim regarding hazardous waste in the work place, or attempting to do so, that aspect of the complaint is due to be dismissed.  Further, to the extent that the amended

---

³ Attached to the amended complaint was a listing of a number of entities which are not sueable entities and four individuals.  By its May 17, 2005 order (Doc. #25), the court struck all of such entities, substituting The Board of Trustees of the University of Alabama for them.

<br/>

complaint is viewed, as asserting, or attempting to assert, a claim for discrimination based on race, any such claim is also due to be dismissed. The exhaustion requirement for such a claim has not been satisfied. Plaintiff's July 13, 2004 charge of discrimination filed with EEOC does not assert a discrimination claim based upon race or color, and such a claim is not like or related to the claim of sex discrimination embodied in the charge. Moreover, apart from the exhaustion problem, the amended complaint simply does not state a claim of Title VII racial discrimination or a 42 U.S.C. § 1981 claim for racial discrimination. As to plaintiff's claim of retaliation associated with her filing on July 13, 2004 her EEOC charge, plaintiff fairs no better. The amended complaint alleges plaintiff retired March 31, 2004, over two months before filing her EEOC charge on July 13, 2004. There was simply no adverse employment action following the filing of her EEOC charge,[4] and there is no allegation in the amended complaint even suggesting an act of retaliation occurring after the filing of the EEOC charge. Any claim or arguable claim of retaliation is due to be dismissed[5]

The only remaining arguable claim stated in the amended complaint is a disparate treatment claim based upon plaintiff's sex, but the complaint totally fails

---

[4] There is nothing in the complaint even suggesting an arguable constructive discharge.

[5] The court also notes that plaintiff failed to indicate at the appropriate place on her EEOC charge that her claim included discrimination based on retaliation.

to set forth facts related to any such claim that suggests that this claim should proceed. Plaintiff has totally failed to set forth in her amended complaint (or, for that matter, in her EEOC charge) a factual or even arguable factual basis for allowing any claim for discrimination based on gender to go forward. In fact the only event she alleges which took place within six months of the filing of her EEOC charge involves a comparison of a <u>black</u> female being transferred in December 2003 while she was denied a transfer in March 2004, the month of her retirement. Therefore any arguable gender discrimination claim is also due to be dismissed for failure to state a claim upon which relief may be granted.

It is clear that the motion of The Board of Trustees of the University of Alabama and the four individual defendants to dismiss plaintiff's entire amended complaint for failure to state a claim upon which relief can be granted is due to be granted.[6] A separate order will be entered granting the motion and dismissing this action.

**DONE** this the ___27th___ day of May, 2005.

_____
SENIOR UNITED STATES DISTRICT JUDGE

---

[6] Title VII is not a vehicle to pursue claims against individuals who are not the employer of a person. This is an additional basis for the dismissal of the complaint as pursued against defendants, Pruett, Johnson, Ellis and Sandlin.